(115 So. 819)

No. 28433.

### DUNN et al. v. KEES et al.

Feb. 13, 1928.   Rehearing Denied March 12, 1928.

*(Syllabus by Editorial Staff.)*

1. Pleading ☞369(1)—Motion to require defendants to elect as between verbal title alleged in original answer and written title alleged in amended answer held properly overruled (Act No. 38 of 1908).

In action under Act No. 38 of 1908 to establish title to land, in which defendants filed answer denying plaintiff's present ownership and alleging that he had sold property to defendants' decedent for valuable consideration, and that, notwithstanding plaintiff had received such consideration, he had refused to execute formal deed, and subsequently defendants filed amended answer, alleging subsequent reduction to writing of the agreement pleaded in original answer, which agreement was annexed to answer, plaintiff's motion to require defendants to elect whether they stood on a verbal title, as alleged in original answer, or on written title, as set out in their amended answer, was properly overruled, there being no conflict between the two.

2. Quieting title ☞10(2)—Defendants, claiming title under agreement to convey and over 20 years' corporeal possession, held properly decreed to be owners.

Where one plaintiff by oral agreement, subsequently reduced to writing, in consideration of receiving one-half of proceeds of sale of timber on land of defendants' decedent, agreed to give decedent one-half of plaintiff's land, but failed to do so, though he received his half of proceeds of timber, and meantime plaintiff's property was sold and thereafter reacquired by plaintiff, and subsequently defendants' decedent and defendants, his widow and heirs, had corporeal possession of the property and paid taxes thereon for over 20 years, *held*, that court properly decreed defendants to be owners of the property, recognizing undivided ⅟32 of each of two plaintiffs by inheritance from decedent through their deceased mother.

Appeal from Ninth Judicial District Court, Parish of Grant; R. C. Culpepper, Judge.

Suit by A. Jack Dunn and others against Lucy Moore Kees and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

George J. Ginsberg, of Alexandria, for appellants.

Wiley R. Jones, of Colfax, and Clifford E. Hays, of Minden, for appellees.

ROGERS, J.   This suit involves the title to the W. ½ of N. W. ¼, section 19, township 9 N.; range 1 E., parish of Grant. The pertinent allegations of the petition are that the petitioner, A. Jack Dunn, acquired the entire quarter section on July 1, 1901, during the existence of the matrimonial community between him and his wife, Emma Kees Dunn; that his wife died in August, 1906, leaving him as surviving husband in community, and leaving as issue of the marriage and as her sole heirs the other two plaintiffs, Leeanna and Nonnie Dunn; that J. M. Kees, the father of his deceased wife, died March 3, 1924, and on March 21, 1924, Mrs. Lucy Moore Kees, his widow, and their surviving children, who are the defendants in the suit, were sent into possession of his estate, including the quarter section hereinabove referred to; that the recordation of this judgment in the conveyance records of the parish is a cloud on plaintiffs' title, which they had never parted with, and which had never been questioned

up to that time; that the inscription of said judgment on the parish records has caused them pecuniary damage, which they set forth; that they are entitled to have the cloud upon their title removed; that neither plaintiffs nor defendants are in possession of the property, and their action is brought under the provisions of Act 38 of 1908 to establish title to said land.

The prayer of the petition is that the defendants "be ordered either to disclaim any title whatever in said property or to show herein such rights as they can against said property," for judgment canceling the inscription of such pretended title of defendants as registered, recognizing plaintiffs as the owners of the property, and for damages, including attorney's fees, in the amount set forth for the alleged slander of their title.

Answering the suit, defendants admitted the acquisition of the property in 1901 by the plaintiff A. J. Dunn, but denied the present ownership thereof by Dunn and his co-plaintiffs. They averred that in the year 1897 Dunn sold the property to J. M. Kees, the decedent, for a valuable consideration, which they set out; that, notwithstanding he had received the consideration mentioned, Dunn had refused to execute a formal deed to Kees, the purchaser, during his lifetime, and had refused, also, to make a deed to his widow in community and his heirs, the defendants in this suit; that they call upon plaintiffs to affirm or deny this agreement, and declare that interrogatories on facts and articles will be propounded to the plaintiff A. J. Dunn to support their allegation. They admitted that the plaintiffs Leeanna and Nonnie Dunn, as the representatives and heirs of their mother, Emma Kees Dunn, are jointly entitled to an undivided one-sixteenth interest in the property. They allege uninterrupted possession of the property in J. M. Kees, and in themselves, after his death, since the year 1898. They prayed that plaintiffs be condemned to make them a deed to the property, and that the court decree the title to the property to be in them in the form and manner provided by law. They also prayed, in the alternative, for the enforcement of certain demands set up by them in reconvention.

The plaintiff A. J. Dunn returned negative answers to the interrogatories on facts and articles, with the exception of his admission of the payment of taxes on the property by J. M. Kees and the defendants. Thereafter defendants filed an exception of no right or cause of action. Testimony was heard on the exception quoad defendants' allegation of uninterrupted corporeal possession of the property for more than 10 years. The exception was finally referred to the merits, the testimony adduced on the question of possession to be therewith considered.

The defendants also filed a supplemental and amended answer, in which they alleged that, subsequent to the agreement of 1897 between J. M. Kees and A. J. Dunn, referred to and pleaded in their original answer, the parties had reduced the agreement to writing, dated and signed by them on September 16, 1903, with the understanding that the agreement was to be placed in the possession of a third party until a formal deed should be executed, and they annexed the document to their answer as part. They further alleged that the land therein referred to as belonging to Dunn to be conveyed to Kees was intended to be and was subsequently identified as the property in question, and that Dunn, by his acts and in writing, had always recognized Kees' ownership; that he had received the full consideration from Kees under the agreement, was a participant in said acts, and is estopped to assert any title to the property; that defendants did not know of the document until long after their original answer was filed, and that as soon as they discovered its existence they immediately filed their

amended answer. They reiterated in their supplemental answer the prayer of their original answer, and also prayed, in the alternative, for the reservation of certain alleged rights.

On the filing of the supplemental and amended answer, plaintiffs filed a motion calling upon defendants to elect whether they stood upon a verbal title, as alleged in their original answer, or upon a written title, as set up in their amended answer. The motion was overruled. Later the case was tried on the merits, and resulted in a judgment in favor of defendants, decreeing them to be the owners of the property and sending them into possession thereof, recognizing plaintiffs Leeanna and Nonnie Dunn as the owners of an undivided $\frac{1}{32}$ interest each in the property by virtue of their inheritance from their grandfather, J. M. Kees, through their deceased mother, Emma Kees Dunn, and ordering plaintiffs to make a deed to defendants of the property within 30 days, and, in the event of their failure to do so, that the judgment stand in lieu of a formal deed, and operate as a transfer to defendants of ownership in said property in the proportions they have inherited from J. M. Kees, and as shown in certain proceedings had in said district court. From this judgment the plaintiffs have appealed.

[1] We are of opinion that the judge of the court below did not err in overruling plaintiffs' motion to elect. The supplemental answer does not conflict with the original answer. It simply amplifies certain facts alleged in the original answer as reasons why plaintiffs' demands should not prevail, and does not change the original relief asked for by the defendants.

Counsel for the respective parties have devoted a large part of their arguments to a discussion, under the exceptions, of the character of the present action. We do not think it is necessary for us to determine that. It is immaterial whether the suit is petitory in character, for slander of title, or to try title under Act 38 of 1908. The issue to be decided is whether the plaintiffs or the defendants own the property, and, irrespective of who carries the burden of proof, there is ample evidence in the record on which to base the decision.

[2] The established facts, as we find them, are that the plaintiff A. J. Dunn, about the year 1883, entered the N. W. ¼, section 19, township 9 N., range 1 E., Grant parish, as a homestead. He lived on the land for some years, but did not perfect his entry. Subsequently the property was sold by the state to one Howcott. By mesne conveyances, W. W. Whittington acquired the property from Howcott, and on July 19, 1901, A. J. Dunn purchased the property from Whittington. Later Dunn sold the E. ½ of the quarter section to one E. E. Gaines.

In the year 1896, while Dunn, as the entryman, was living on the land hereinabove referred to, he discovered 160 acres of well-timbered lands lying in the adjoining section 18. At the solicitation of Dunn, the late J. M. Kees left his residence near the town of Pollock and entered the land in section 18 as a homestead. In due course, he perfected his entry, and the land became known, and is referred to in the record, as the "Kees homestead."

On January 31, 1899, Dunn and Kees, by written agreement, contracted to sell the timber from the "Kees homestead" to the Georgetown Lumber Company, and, all the timber not having been removed within five years, the period stipulated for its removal, Kees alone, the title being in him, on September 16, 1903, executed an extension in favor of the purchaser.

Dunn agreed to give Kees one-half of his land (the quarter section hereinabove referred to), the equitable title to which was in him at the time, in consideration of receiving

one-half of the proceeds of the timber from the "Kees homestead." In accordance with the agreement, Dunn received his share of said proceeds, but failed to execute a formal deed of the land to Kees. In the meantime Dunn neglected to perfect his entry, and the property was sold to Howcott, from whom, through his purchase from Whittington and other mesne conveyances, Dunn acquired it, as hereinbefore stated, on July 19, 1901.

On September 16, 1903, which is the same date the extension for the removal of the timber on his land was given by J. M. Kees to the Georgetown Lumber Company, the following document was executed between Dunn and Kees, viz.:

"We. enter into this contract according to agreement some time ago. I, A. J. Dunn, will give you, J. M. Kees, one-half of my land for one-half interest in timber on your homestead, and we are to let Mr. Lee keep this contract until I make you deed. Done this Sept. 16, 1903." [Signed] A. J. Dunn, "J. M. Kees."

This document is attached to and made part of the supplemental answer of the defendants. After their original answer was filed, it was found among some ancient records of the Georgetown Lumber Company, at Tioga, La., during the course of a search instituted on behalf of the defendants, at the suggestion of their counsel, for any writing bearing upon the transaction between Dunn and Kees. The signature of Kees affixed to the document is admittedly genuine, and we think that, notwithstanding his weak denial of the fact, the proof in the record shows that Dunn also signed the instrument.

Another document in the record is a memorandum in the handwriting of Dunn, which he gave to Kees in the fall of the year 1900, in order to show the correct governmental description of Kees' lands for assessment and taxation purposes. This memorandum is in the following words, viz.:

"J. M. Kees Real Estate.

"West ½ of northwest ¼ and N. W. ¼ of S. W. ¼ of section 19, and west ½ and S. E. ¼ of S. W. ¼ of sec. 18, T. 9 N., R. 1 east."

The description of real estate set forth in the aforesaid memorandum includes the land in dispute here, as well as the property known as the "Kees homestead."

Dunn paid the taxes for the year 1899 on the entire quarter section. In that year he and Kees sold the timber on the "Kees homestead" to the Georgetown Lumber Company. Thereafter, and until the year 1906, when he sold it to Gaines, Dunn was assessed and paid taxes only on the E. ½ of the N. W. ¼ of section 19. From and including the year 1900, until his death on March 3, 1924, J. M. Kees was in corporeal possession of the W. ½ of the N. W. ¼ of section 19, and since his death his possession has continued in his widow and heirs. During that period the property has been assessed to Kees and his heirs, and they have paid the taxes thereon.

In the year 1921, Nonnie Dunn, one of the plaintiffs, was emancipated by a judgment of the Fifth district court, parish of Winn. In this proceeding her father and coplaintiff, A. J. Dunn, appeared as her natural tutor. The petition for emancipation, which was sworn to by both the minor and her natural tutor, declares that:

"Petitioner's assets consist of a small sum of money due to her by her father, A. J. Dunn, natural tutor, which sum was inherited from petitioner's deceased mother, Mrs. Emma L. Dunn."

No claim is made of any interest by petitioner or her tutor in the property in dispute here. Again, the succession of Mrs. Emma L. Dunn, daughter of Kees, wife of Dunn and mother of Leeanna and Nonnie Dunn, was opened by proceedings filed in the Thirteenth district court, parish of Grant, on January 8, 1907. In these proceedings, A. J. Dunn qualified as the natural tutor of his said minor

children, and in the inventory which he caused to be taken no interest is claimed on behalf of the minors in the W. ½ of the N. W. ¼ of section 19.

The succession of J. M. Kees was opened in the Thirteenth district court, parish of Grant, and on March 25, 1924, that court rendered judgment recognizing the widow and heirs of the decedent and sending them into possession of his estate, including the property in dispute here and other properties. In this judgment, the plaintiffs Leeanna and Nonnie Dunn were inadvertently omitted as the representatives of their deceased mother, Emma Kees Dunn, but there is no controversy over their right to an undivided ½₂ interest each in the property left by their grandfather, J. M. Kees, and this right was recognized by the judgment of the court below.

A. J. Dunn and the other plaintiffs made no claim to and exercised no rights of ownership on the property in controversy in this suit, until on or about June 2, 1925, when, ignoring the prior succession proceedings, he filed another proceeding as the succession of Emma Kees Dunn, his deceased wife. In this proceeding, he obtained a judgment sending him and his daughters into possession as surviving husband in community and children and sole heirs, respectively, of the whole N. W. ¼ of section 19, Grant parish. This proceeding was instituted, manifestly, as a preliminary step to the filing of the present suit, on February 23, 1926, which, probably, would never have been brought, but for the discovery of oil and gas in the vicinity of the property.

Our conclusion is that the foregoing facts support the judgment of the court below.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellants.

THOMPSON, J., takes no part.